**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Palmetto State Enterprises, LLC, Respondent,

v.

Clegg Lamar Greene a/k/a Lamar Greene, Juleene Greene, a/k/a Julie Greene, J & P Enterprises of the Carolinas, Inc., and Gaston Engineering, Inc., Defendants,

Of Which J & P Enterprises of the Carolinas, Inc., is the Appellant.

Appellate Case No. 2013-002154

Appeal From Pickens County
Charles B. Simmons, Jr., Special Referee

Unpublished Opinion No. 2015-UP-254
Submitted March 1, 2015 – Filed May 13, 2015

**AFFIRMED**

Scott Franklin Talley, of Talley Law Firm, P.A., of Spartanburg, for Appellant.

David Richard Price, Jr., of David R. Price, Jr., P.A., of Greenville, for Respondent.

_____

**PER CURIAM:**  J & P Enterprises of the Carolinas, Inc. (J&P) appeals the special referee's order finding J&P liable to Palmetto State Enterprises, LLC (PSE) for conversion in the amount of $154,772.65.  On appeal, J&P argues the referee erred in finding in favor of PSE because the evidence demonstrated (1) Lamar Greene had the authority and the right to convey his salary from a PSE account into a J&P account and (2) Greene had the authority to make loans to J&P from a PSE account.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *Ritter & Assocs., Inc. v. Buchanan Volkswagen, Inc.*, 405 S.C. 643, 649, 748 S.E.2d 801, 804 (Ct. App. 2013) ("[W]hen reviewing an action at law, on appeal of a case tried without a jury, the appellate court's jurisdiction is limited to correction of errors at law, and the appellate court will not disturb the [special referee]'s findings of fact as long as they are *reasonably supported by the evidence*." (alteration by court) (emphasis added) (citation and internal quotation marks omitted)); *Moore v. Benson*, 390 S.C. 153, 162, 700 S.E.2d 273, 278 (Ct. App. 2010) ("An action for conversion is an action at law.").

As to Issue 2: S.C. Code Ann. § 33-44-301(b)(1) (2006) (providing "[e]ach manager is an agent of the company for the purpose of its business, and an act of a manager, including the signing of an instrument in the company's name, *for apparently carrying on in the ordinary course the company's business or business of the kind carried on by the company binds the company*" (emphasis added)); *Town of Kingstree v. Chapman*, 405 S.C. 282, 314, 747 S.E.2d 494, 510 (Ct. App. 2013) (stating "the concept of apparent authority depends upon manifestations by the principal to a third party and the reasonable belief by the third party that the agent is authorized to bind the principal" (citation and internal quotation marks omitted)).

**AFFIRMED.**[1]

**FEW C.J., and HUFF and WILLIAMS, JJ., concur.**

_____

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.